IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JIMMY L. ATES,
    Petitioner,

vs.                                      Case No.:  3:05cv57/MCR/EMT

JAMES V. CROSBY,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       Petitioner, represented by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent filed a motion to dismiss the petition as untimely (Doc. 18). Petitioner filed a response in opposition to the motion (Doc. 20). This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

       Following a jury trial in the Circuit Court for Okaloosa County, Florida, Petitioner was convicted of first degree murder (Doc. 1 at 1). On February 2, 1999, he was sentenced to life imprisonment (*id*.). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA"). On July 31, 2000, the First DCA affirmed the conviction and sentence per curiam, with the mandate issuing August 16, 2000 (*id.* at 2; Doc. 18, Exs. A, B). <u>Ates v. State</u>, 768 So.2d 446 (Fla. 1st DCA 2000) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court (Doc. 1 at 2-3).

On July 31, 2001, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 1 at 2-3; Doc. 18, Ex. C). The state trial court denied the motion on June 23, 2003 (Doc. 1 at 3). Petitioner appealed the denial to the Florida First DCA, and the appellate court affirmed per curiam on September 15, 2004, with the mandate issuing November 8, 2004 (Doc. 1 at 3; Doc. 18, Ex. D). Ates v. State, 884 So.2d 384 (Fla. 1st DCA 2005) (Table); *see also* Ates v. State, Case No. 1D03-3613, online docket at www.1dca.org.

Petitioner filed the instant habeas action on February 22, 2005 (Doc. 1 at 1; Doc. 20 at 2).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, the one-year limitations

period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's decision.[1] Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In the instant case, the First DCA issued its decision affirming Petitioner's conviction on July 31, 2000. Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court, thus, Petitioner's one-year limitations period began to run on October 30, 2000, upon expiration of the 90-day period for seeking certiorari review.

      This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

      Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The parties do not dispute that 274 days of the federal limitations period elapsed between the date Petitioner's conviction became final and the date he filed his Rule 3.850 motion (*see* Doc. 20 at 7). The issue in this case is the period of time the Rule 3.850 motion was "pending" for purposes of section 2244(d)(2). Respondent argues the motion was pending until November 8, 2004, the date of issuance of the mandate of the appellate court's decision affirming the trial court's decision denying the motion (*see* Doc. 18 at 5). Petitioner concedes that the Eleventh Circuit Court of Appeals has held that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of the federal limitations period (*see* Doc. 20 at 3, citing Steed v. Head, 219 F.3d 1298 (11th Cir. 2000; Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000)); however, Petitioner urges this Court to adopt the reasoning of a post-Coates 2003 decision of the Sixth Circuit Court of Appeals which held that the federal limitations is tolled during the period in which a petitioner may seek certiorari review of the denial of a petitioner's state motion for collateral relief (*see* Doc. 20 at 3-4, citing

---

[1]The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* Sup. Ct. R. 13.3.

Case No.: 3:05cv57/MCR/EMT

Abela v. Martin, 348 F.3d 164 (6th Cir. 2003)).  In light of the Eleventh Circuit's recent affirmance of the holding in Coates, *see* Lawrence v. Florida, No. 04-15435, 2005 WL 2055875, at *4 (11th Cir. Aug. 26, 2005), this Court rejects Petitioner's argument.  For purposes of section 2244(d)(2), Petitioner's state postconviction motion was pending from July 31, 2001, until November 8, 2004, the date of the appellate court mandate affirming the trial court decision which denied Petitioner's postconviction motion.  The federal limitations period then ran from November 9, 2004, until February 22, 2005, the date Petitioner filed his federal habeas petition, for a total of 106 days.  Thus, Petitioner exceeded the one-year limitations period by fifteen (15) days (274 days + 106 days = 380 days).

Petitioner does not claim he is entitled to equitable tolling of the limitations period.  Moreover, he does not assert he is actually innocent of the crime for which he was convicted.  Therefore, this Court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss (Doc. 18) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola this 12th day of September, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**